**MAYER BROWN LLP**
Elspeth V. Hansen (SBN 292193)
ehansen@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorney for Defendant
THE BIG TEN CONFERENCE, INC.

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

EZEKIEL ELLIOTT, an individual,

Plaintiff,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, BIG TEN CONFERENCE; and DOES 1 through 100,

Defendants.

Case No. 2:26-cv-06022

**NOTICE OF REMOVAL**

Superior Court of California, County of Los Angeles Case No. 26STCV14430

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants the National Collegiate Athletic Association ("NCAA") and the Big Ten Conference ("Big Ten") remove this action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California under 28 U.S.C. §§ 1331, 1338, 1367, 1441, 1446, and 15 U.S.C. § 1121. Defendants are entitled to remove this action to this Court based on federal-question jurisdiction because Plaintiff Ezekiel Elliott brings claims arising under federal law, including the Sherman Act and the Lanham Act. In support of removal, Defendants state as follows:

## BACKGROUND

1. On May 5, 2026, Plaintiff filed a complaint in the Superior Court of California, County of Los Angeles, entitled *Elliott v. NCAA*, No. 26STCV14430 (the "Complaint"). A copy of the Complaint is attached as **Exhibit A**.

2. The Complaint asserts claims against Defendants under four statutes: (1) the Sherman Act (15 U.S.C. §§ 1-2), (2) the Lanham Act (15 U.S.C. § 1125(a)), (3) the Cartwright Act (Cal. Bus. & Prof. Code §§ 16700-16770), and (4) the Unfair Practices Act (Cal. Bus. & Prof. Code §§ 16600 *et seq.*).

3. On May 13, 2026, the Big Ten was served with a copy of the Complaint and Summons. A true and correct copy of the service received by the Big Ten is attached as **Exhibit B**.

4. On May 21, 2026, the NCAA was served with a copy of the Complaint and Summons. A declaration confirming the NCAA's receipt of service is attached as **Exhibit C**.

5. Defendants have not received any process, pleadings, or orders prior to this Notice of Removal except those described in Exhibits A-C.

6. As set forth below, this Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121, and this action may therefore be removed to this Court under 28 U.S.C. §§ 1441 and 1446. Specifically, this Court has original jurisdiction over Plaintiff's Sherman Act and Lanham Act claims because they arise under federal law, *see* 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's Lanham Act claim under the specific grants of jurisdiction in 28 U.S.C. § 1338 and 15 U.S.C. § 1121, and this Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims so relate to Plaintiff's federal-law claims as to form part of the same Article III case or controversy, *see* 28 U.S.C. § 1367(a).

7. All Defendants join in and consent to removal. *See* 28 U.S.C. § 1446(b)(2).

8. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly serve this notice of removal on Plaintiff's counsel and file a copy with the clerk of the Superior Court of California, County of Los Angeles.

## REMOVAL IS TIMELY

9. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a

copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

10. This Notice of Removal is timely because it is filed within 30 days of service of the Complaint and Summons on the Big Ten on May 13, 2026. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint . . . after and apart from service of the summons"); *see also* Cal. Code Civ. Proc. § 415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."). Thirty days from the service of the Complaint and Summons is June 12, 2026.

**VENUE IS PROPER**

11. Under 28 U.S.C. §§ 84(c) and 1441(a), venue is proper in the United States District Court for the Central District of California, Western Division because this Court embraces the Superior Court of California, County of Los Angeles, where this action was initially filed.

**THERE IS FEDERAL JURISDICTION**

12. There are four distinct bases for federal jurisdiction here.

13. First, under 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

14. Plaintiff brings claims arising under the laws of the United States. Specifically, Plaintiff alleges "violations of the Sherman Act" Sections 1 and 2,

codified at 15 U.S.C. §§ 1-2, for which he requests damages and injunctive relief under 15 U.S.C. §§ 15 and 26. Ex. A, ¶¶ 59-65. In addition, Plaintiff alleges "violations of" Section 43(a) of "the Lanham Act," codified at 15 U.S.C. § 1125(a), for which he requests damages and injunctive relief under 15 U.S.C. §§ 1116-17. *See* Ex. A, ¶¶ 66-74.

15. Because Plaintiff's "statement of his own cause of action shows that it is based upon [federal] laws," these claims arise under federal law, and federal-question jurisdiction exists. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *see also Louisville & Nashville R.R. Co. v. Mottley*, 212 U.S. 149, 152 (1908).

16. Plaintiff himself alleges that this action "arises under federal law, including the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2, and the Lanham Act, 15 U.S.C. § 1125(a), conferring federal question jurisdiction pursuant to 28 U.S.C. § 1331." Ex. A, ¶ 28.

17. Second, under 28 U.S.C. § 1338(a), the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

18. Plaintiff brings a claim relating to trademarks. Specifically, Plaintiff alleges that his "name, face, jersey number, physical likeness, playing style, and signature crop-top uniform constitute a distinctive commercial identity, a persona, that functions as a mark identifying Plaintiff as the source and origin of the commercial value associated with those attributes," and he further alleges that Defendants made "unauthorized use" of his name, image, and likeness in "violation[] of the Lanham Act." Ex. A, ¶¶ 66-74.

19. Because Plaintiff's Lanham Act claim relates to Defendants' alleged misuse of his "mark," *id.* ¶ 68, Section 1338(a) confers federal jurisdiction. *See K Mart Corp. v. Cartier, Inc.*, 485 U.S. 176, 182-83 (1988); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). It does not matter whether Plaintiff registered his alleged mark because "section 43(a) of the Lanham Act (unfair competition) protects against infringement of unregistered marks as well as registered marks." *Ketab Corp. v. Mesriani Law Grp.*, 2016 WL 2902333, at *3 (C.D. Cal. May 18, 2016); *see also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992).

20. Third, under 15 U.S.C. § 1121, the "district and territorial courts of the United States shall have original jurisdiction . . . of all actions arising under" Chapter 22 of Title 15 of the United States Code.

21. Chapter 22 of Title 15 of the United States Code includes 15 U.S.C. § 1125.

22. Plaintiff brings a claim under 15 U.S.C. § 1125(a). *See* Ex. A, ¶¶ 66-74.

23. This Court therefore has jurisdiction under 15 U.S.C. § 1121. *See U-Haul Int'l, Inc. v. Jartran, Inc.*, 681 F.2d 1159, 1160 (9th Cir. 1982); *GS Holistic, LLC v. Feelin Right Smoke Shop, LLC*, 2025 WL 4658681, at *4 (C.D. Cal. Apr. 18, 2025).

24. Fourth, under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

25. Plaintiff brings a claim under California's Cartwright Act (Cal. Bus. & Prof. Code §§ 16700-16770). *See* Ex. A, ¶¶ 35-53.

26. Plaintiff's Cartwright Act claim and Plaintiff's federal claims are related and form part of the same Article III case or controversy because, among other things:

a. The alleged agreements among Defendants purportedly prohibiting Plaintiff from "sell[ing] his name, image, and likeness rights" underpin both Plaintiff's Cartwright Act claim and his Sherman Act claim. Ex. A, ¶¶ 36-37 (Cartwright Act); *see also id.* ¶ 60 (Sherman Act claim alleging that Defendants' agreements barred Plaintiff from making money "for the licensing and commercial use of his name, image, and likeness").

b. Plaintiff alleges that the "anticompetitive effects" of Defendants' alleged agreements outweighed their "procompetitive effects," and that "less restrictive alternatives are available," such that those alleged agreements supposedly violated both the Cartwright Act and the Sherman Act. Ex. A, ¶¶ 38, 47 (Cartwright Act); *see also id.* ¶ 63 (alleging that the agreements violated the Sherman Act because their benefits could "be achieved through less restrictive means").

c. Plaintiff alleges that he suffered injury under both the Cartwright Act and the Sherman Act because he supposedly "received less—zero—than he otherwise would have received for the use of his name, image, and likeness" as a result of Defendants' alleged agreements. Ex. A, ¶ 43 (Cartwright Act); *see also id.* ¶ 65 (alleged injury under the Sherman Act defined as "receiving

zero compensation for the commercial exploitation of [Plaintiff's] name, image, and likeness").

27. Plaintiff also brings a claim under California's Unfair Practices Act (Cal. Bus. & Prof. Code §§ 16600 *et seq.*).

28. Plaintiff's Unfair Practices Act claim and Plaintiff's federal claims are related and form part of the same Article III case or controversy because, among other things:

a. Plaintiff alleges that Defendants "engaged in unlawful sales of Plaintiff's name, image, and likeness" in violation of both the Unfair Practices Act and the Lanham Act. Ex. A, ¶ 55 (Unfair Practices Act); *see also id.* ¶¶ 68-69 (alleging that "sale[s] of commercial products and services" bearing "Plaintiff's name, image, likeness, and persona" mislead consumers in violation of the Lanham Act).

b. Plaintiff alleges that Defendants "secretly gave and received payments and/or commissions that were not given to Plaintiff" involving "his name, image, and likeness" in violation of both the Unfair Practices Act and the Lanham Act. Ex. A, ¶ 57 (Unfair Practices Act); *see also id.* ¶ 71 (alleging that Defendants' use of Plaintiff's "identity without compensation or authorization" violated the Lanham Act).

29. Because Plaintiff's federal and state claims "derive from a common nucleus of operative fact," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), they form part of the same case or controversy under Article III, establishing supplemental jurisdiction over Plaintiff's state-law claims. *See, e.g.*, *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001); *Pac. Steel*

*Grp. v. Com. Metals Co.*, 600 F. Supp. 3d 1056, 1079-80 (N.D. Cal. 2022); *USA Petroleum Co. v. Atl. Richfield Co.*, 577 F. Supp. 1296, 1306 (C.D. Cal. 1983).

30. Plaintiff himself alleges that there is "supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367." Ex. A, ¶ 28.

**CONCLUSION**

31. Under 28 U.S.C. §§ 1331, 1338, 1367, 1441, 1446, and 15 U.S.C. § 1121, Defendants remove this action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California. If any questions arise about the propriety of this removal, Defendants request an opportunity to submit briefing and evidence before an order resolves the question. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-88 (2014); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020). Nothing about this Notice of Removal waives or forfeits any right, argument or objection available to Defendants, who reserve all defenses.

Dated: June 3, 2026

Respectfully Submitted,

**WILKINSON STEKLOFF LLP**

By: <u>*/s/ Rakesh N. Kilaru*</u>
Rakesh N. Kilaru (*pro hac vice forthcoming*)
rkilaru@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

Attorney for Defendant
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

**MAYER BROWN LLP**

By: <u>*/s/ Elspeth V. Hansen*</u>
Elspeth V. Hansen (SBN 292193)
ehansen@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorney for Defendant
THE BIG TEN CONFERENCE, INC.

**ATTESTATION UNDER L.R. 5-4.3.4**

Under Local Rule 5-4.3.4, I attest that all signatories listed on the foregoing document on whose behalf the document is submitted concur in and authorize this filing.

*/s/ Elspeth V. Hansen*
Elspeth V. Hansen